STATE *vs.* JOHN TAYLER *et als.*

Gen. Stat. R. I. cap. 133, as amended by Pub. Laws R. I. cap. 671, of April 11, 1878, recognize the offence of "wrongfully taking" oysters from a private bed, cap. 133, § 19, cap. 671, as distinct from the larceny created by cap. 133, § 14.

In an indictment for the "wrongful taking" it is not necessary to allege the ownership of the oysters.

Such an indictment charged the taking, in the words of the statutes, from the bed of A., who was lessee.

*Held*, sufficient.

The evidence showed that others were interested with A. in the bed, the business, and the oysters.

*Held*, no variance.

EXCEPTIONS to the Court of Common Pleas.

An indictment was found against the defendants as follows :

" Providence, sc. At the Court of Common Pleas of the State of Rhode Island and Providence Plantations, holden at Providence, within and for the County of Providence, on the first Monday of March, in the year of our Lord one thousand eight hundred and eighty-one.

" The Grand Jurors of the State of Rhode Island and Providence Plantations, in and for the County of Providence, upon their oaths present : that John Tayler, yeoman, John J. Tayler, yeoman, and John James Thomas Galligan, yeoman, all of Providence, in said county, on the 16th day of January, in the year of

our Lord one thousand eight hundred and eighty-one, with force and arms, at a certain place in the waters of Narragansett Bay, being the public waters within the jurisdiction of said County of Providence, three bushels of oysters, of the value of one dollar and fifty cents per bushel, from the private oyster bed of one James R. Wilcox there situate, wrongfully did take and carry away, against the form of the statute in such case made and provided, and against the peace and dignity of the State.

" Preferred by

" SAMUEL P. COLT, *Assistant Attorney General,*"

and signed by thirteen grand jurymen.

At the trial before a jury in the Court of Common Pleas, after the case had been opened by the prosecuting officer, the defendants asked the court to quash the indictment because it alleged no ownership of the oysters, nor anything to show that the ownership of the oysters was not in the defendants. This request was refused, and the defendants excepted.

It appeared, from the evidence adduced by the government, that one James R. Wilcox held in his own name a lease from the State of the oyster bed in question, and that his father, Jeremiah Wilcox, was interested with him in the business and in the oysters on the bed. At the close of the evidence for the prosecution the defendants asked the court to direct a verdict of not guilty, as the indictment alleged the oyster bed to be " the private bed of James R. Wilcox," which the testimony for the government shows to be the private bed of James R. and Jeremiah Wilcox. This request was refused, and the defendants excepted.

Gen. Stat. R. I. cap. 133, § 14, provide : " The oysters planted or growing in any private oyster ground leased as aforesaid shall, during the continuance of the lease, be the private personal property of the lessee of such oyster ground ; and the taking and carrying away thereof, or of any of the same, shall be larceny, under all circumstances in which the taking and carrying away of any other personal property would be larceny, and shall be punished accordingly ; and, in addition to the penalty prescribed by law for larceny, the person convicted shall forfeit his boat, and her tackle and apparel, and all the implements used in the commission of said offence ; but nothing in this section contained shall interfere with or

invalidate the right of any lessee to commence any private action for the taking and carrying away of his oysters aforesaid, and to recover full damages for the private injury by him thereby sustained."

Pub. Laws R. I. cap. 671, § 1, of April 11, 1878, provide : "Every person who shall wrongfully take and carry away oysters from a private oyster bed shall for the first offence be fined fifty dollars, and be imprisoned for thirty days, and for any subsequent offence shall be fined one hundred dollars, and be imprisoned for six months."

This chapter, 671, amends Gen. Stat. R. I. cap. 133, § 19.

*January* 28, 1882. PER CURIAM. We are of the opinion that two offences are created under Gen. Stat. R. I. cap. 133, and Pub. Laws R. I. cap. 671, of April 11, 1878, to wit: the offence of larceny by cap. 133, § 14, and the lesser offence of " wrongfully taking " by cap. 671, § 1. The defendant is indicted for wrongfully taking. The indictment charges the offence in the language of the statute, designating the bed as the bed of the lessee, who is named. We think this was sufficient. 1 Bishop on Criminal Procedure, § 611. It is not necessary to allege the ownership of the oysters ; for it matters not whose they were, so long as they were wrongfully taken. Nor is it material, in our opinion, that another was proved to have been interested with the lessee, for as ownership was not alleged, there could be no variance by reason of such proof. It is not pretended that any one was a joint lessee with the lessee named.

Exceptions overruled, and cause remanded for sentence.

*Exceptions overruled.*

*Samuel P. Colt*, Assistant Attorney General, for plaintiff.

*Charles H. Page & Patrick J. McCarthy*, for defendants.